JAMES B. FITZGERALD v. WILLIAM H. KING.

April 27, 1900.

Nos. 12,122—(138).

**Action for Goods Sold—Evidence of Payment.**
Evidence examined, and found to sustain the decision.

Action in the municipal court of St. Paul against defendant, as surviving partner of a firm composed of one Isaac Staples and himself, to recover $98 for goods sold and delivered. The case was tried before Hine, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Palmer & Beek* and *J. A. Larimore*, for appellant.

*J. P. Kyle*, for respondent.

LEWIS, J.

The complaint in this action alleges that between November 13, 1895, and June 1, 1898, plaintiff, at the special instance and request of a firm of which defendant was surviving partner, sold and delivered to them certain goods of the reasonable worth and value of $98, which sum they agreed to pay. The answer admitted that between said dates the plaintiff sold and delivered to the firm certain goods, chattels, wares, and merchandise, of the reasonable value of $98, but alleged payment. The cause was tried by the court below without a jury, who rendered a decision in favor of the

plaintiff for the amount claimed.   Defendant appeals from an order denying a motion for a new trial, and assigns as error that the decision is not justified by the evidence.

At the trial plaintiff testified that the goods had not been paid for, and rested; his counsel and the court taking the position that the sale of the goods was admitted by the answer.   Defendant then introduced two checks, which had been executed by the firm and delivered to plaintiff within the dates mentioned in the complaint, one for $72.50 and one for $113.06, and substantially no other evidence in his favor, and now asks this court to reverse the order of the trial court, upon the ground that it must be presumed that between the dates mentioned in the complaint the plaintiff sold the firm no other goods than those sued for, and hence it must be presumed that the checks were given in payment of those goods.   This logic might be good if there was anything in the record to support it, and if a few things were lacking which appear in the record, viz.: Plaintiff testified that the goods had not been paid for; the two checks amount to $185.56, and the amount claimed is $98; the defendant did not offer the books of the firm to prove the goods had been paid for, although the books were in court, and an attempt made to prove, by oral testimony, that a balance had been struck. The appeal is without merit.

Order affirmed.